UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
Anderson Division

| | |
|---|---|
| DONNA LORELEI BUNCH,<br><br>    Plaintiff,<br><br>v.<br><br>CLYDE MARSHALL CARRITHERS,<br><br>    Defendant. | C/A NO. 8:13cv161-HMH<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

## COMPLAINT

COMES NOW Plaintiff DONNA LORELEI BUNCH, by and through undersigned counsel, who would allege and show this Court as follows:

### PARTIES

1.

Plaintiff Donna Lorelei Bunch (hereinafter "Plaintiff") resides at 619 Windsor Road, Savannah, Georgia, Chatham County, 31419.

2.

Upon information and belief, Defendant Clyde Marshall Carrithers (hereinafter "Defendant") resides at 8 Robert De Brus Circle, Anderson, Anderson County, South Carolina 29621, and therefore all matters and things related to this action are subject to the jurisdiction and venue of this Court.

### JURISDICTION AND VENUE

3.

Jurisdiction is proper in this Court, pursuant to § 36-2-803 South Carolina Code (1976), as this is a civil action predicated upon claims of personal injuries arising from the negligent, grossly negligent, willful, intentional, wrongful, criminal and/or wanton acts and/or omissions of the Defendant, who is a resident of Anderson County, South Carolina.

### FACTS

4.

Plaintiff and Defendant have had a personal relationship full of turmoil, physical and mental abuse, and

intermittent break-ups since early 2004.

5.

On or about August 31, 2011, Plaintiff was a guest of Defendant at his residence at 8 Robert De Brus Circle, Anderson, South Carolina 29621.

6.

On or about August 31, 2011, Defendant returned to the said residence in a grossly intoxicated condition.

7.

Upon entering his residence, Defendant began a verbal attack on Plaintiff, making both humiliating and threatening remarks directed toward Plaintiff.

8.

Defendant intentionally and forcibly attacked Plaintiff, slapping her in the face and causing her to fall down an interior staircase of the Defendant's residence.

9.

Plaintiff was knocked out and rendered unconscious from Defendant's deliberate attack and from her fall down the stairs, and she awoke the next morning with numerous physical injuries.  Defendant did not render aid to Plaintiff nor seek help for her injuries.

10.

Plaintiff sustained serious injuries to both her head, which was bleeding profusely and required nine staples to close the wound, and her right ankle, which was shattered as a result of her fall down Defendant's stairs.

11.

Plaintiff sustained a right tibia pilon fracture and a right lateral malleolus fracture, which required surgical repair on September 14, 2011.

12.

Since Plaintiff ended her relationship with Defendant, Defendant has continued to call and leave voice messages on Plaintiff's phone with harassing, intimidating and threatening verbal attacks, designed to intimidate and embarrass Plaintiff.

13.

As a result of Defendant's actions, Plaintiff has continued to suffer from both physical and mental injuries, causing Plaintiff undue humiliation, intimidation, embarrassment, physical and emotional harm, and permanent impairment.

## COUNT I
**(Assault and Battery)**

14.

Plaintiff alleges and incorporates herein by reference the allegations set forth in paragraphs 1-13, supra.

15.

Plaintiff suffered from the intentional acts of Defendant, who willfully injured Plaintiff by threatening her life, inflicting severe physical battery and abuse, and repeatedly instigating verbal and physical abuse meant to humiliate, threaten and intimidate Plaintiff from seeking immediate help or reporting the attack.

16.

Defendant's intentional acts of physical violence to Plaintiff were unnecessary, unprivileged, unprovoked, and constitute extremely harmful and offensive contacts, as they caused Plaintiff to suffer, and continue to suffer from, serious physical and mental trauma.

17.

Plaintiff suffered personal injuries that were a direct and proximate result of Defendant's deliberate, intentional, and completely unwarranted actions and inactions.

18.

As a direct result of the serious physical and emotional injuries inflicted by Defendant, Plaintiff has been damaged in an amount to be determined by the jury.

## COUNT II
**(Violation of S.C. Code Ann. § 16-17-430)**

19.

Plaintiff alleges and incorporates herein by reference the allegations set forth in paragraphs 1-18, supra.

20.

The above-described acts of Defendant constitute unlawful use of the telephone in violation of the S.C.

Code Ann. § 16-17-430.

21.

As a direct and proximate result of Defendant's actions in violation of this statute, Plaintiff sustained damages for which Defendant is liable.

## COUNT III
**(Intentional Infliction of Emotional Distress)**

22.

Plaintiff alleges and incorporates herein by reference the allegations set forth in paragraphs 1-21, supra.

23.

Defendant's extreme and outrageous conduct amounted to the intentional infliction of emotional distress, and was outrageous beyond the bounds of decency and of conduct expected by members of society.

24.

As a direct and proximate result of the acts, omissions, and the intentional infliction of emotional distress of Defendant as set forth above, Plaintiff was injured and is still suffering severe emotional and physical pain that will require substantial medical and professional treatment, thus incurring special damages as determined by the trier of fact.

## COUNT IV
## PUNITIVE DAMAGES

25.

Plaintiff alleges and incorporates herein by reference the allegations set forth in paragraphs 1-24, supra.

26.

As a result of the grossly negligent, outrageous, intentional, sadistic, and willful actions and inactions of Defendant, the imposition of punitive damages is authorized. The actions and inactions of Defendant show such gross negligence, willful misconduct, malice, wantonness, oppression, and an entire want of care, that the presumption of a conscious indifference to the consequences is shown. Plaintiff is entitled to punitive damages from Defendant in an amount to be determined by the jury and of such sufficient monetary size to deter such actions and wrongdoings in the future within the community.

## COUNT V
## DEMAND FOR ATTORNEYS FEES

27.

Plaintiff alleges and incorporates herein by reference the allegations set forth in paragraphs 1-26, supra.

28.

As a result of Defendant's actions, Plaintiff has been forced to bring this action to reimburse her losses, compensate for her injuries and enforce her legal rights against Defendant. Plaintiff requests that she be awarded the expenses, including attorneys' fees, for bringing this action, because Defendant, in regard to this matter, has acted in bad faith, unlawfully, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense. Plaintiff is entitled to the costs associated with this action, including attorneys' fees.

## COUNT VI
## GROSS NEGLIGENCE

29.

Plaintiff alleges and incorporates herein by reference the allegations set forth in paragraphs 1-28, supra.

30.

The actions of Defendant in causing the Plaintiff to fall down the stairs was negligent, grossly negligent, willful and wanton in that the assault upon her caused her to lose her balance and fall down the stairs.

31.

Such acts of the Defendant were in total disregard of Plaintiff's safety and caused serious injury to her; as described above, for which she is entitled to damages and punitive damages, as the Court may find necessary and proper.

## COUNT VII
## DEMAND FOR JURY TRIAL

32.

Plaintiff alleges and incorporates herein by reference the allegations set forth in paragraphs 1-31, supra.

33.

Plaintiff hereby demands a trial by jury on each of the Counts set forth herein.

**WHEREFORE,** Plaintiff, being injured as a proximate result of Defendant's acts and/or omissions, prays

for the following:

    (A)    A trial by jury on all issues;

    (B)    That judgment be entered in favor of Plaintiff and against Defendant for all damages allowed by law;

    (C)    That judgment be entered in favor of Plaintiff and against Defendant for her special damages, including past, present and future related medical expenses;

    (D)    That judgment be entered in favor of Plaintiff and against Defendant for compensatory damages, including past and future pain and suffering in an amount to be determined by the enlightened conscience of a jury;

    (E)    That Plaintiff be awarded punitive damages against Defendant in an amount to be determined by the enlightened conscience of an impartial jury; and

    (F)    That Plaintiff have such other and further relief as this Court may deem just and proper.

Respectfully submitted this 3 day of January, 2013.

STANDEFFER & HARBIN, LLP.

*s/ J. David Standeffer*
J. David Standeffer, USDC ID No. 4273
P.O. Box 35
1000 North Main Street
Anderson, South Carolina 29622
(864) 964-0333
ATTORNEY FOR PLAINTIFF

January 3, 2013.
Anderson, South Carolina